[Doc. No. 34]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| ROBYN A. BORGESI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 11-1560 (RMB/JS) |
| | : | |
| PREMIER IMMEDIATE | : | |
| MEDICAL CARE, LLC, et al, | : | |
| | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION
REGARDING THE DISMISSAL OF PLAINTIFF'S
COMPLAINT PURSUANT TO FED. R. CIV. P. 41(b)

This matter is before the Court on the referral of the "Motion to Dismiss" [Doc. No. 34] filed by all defendants. Defendants seek dismissal of this action pursuant to Fed. R. Civ. P. 41(b) due to plaintiff's failure to prosecute her claims. No opposition has been filed to defendants' motion. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). The Court exercises its discretion to decide defendants' motion without oral argument. Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, the Court respectfully recommends that defendants' motion be GRANTED and that plaintiff's complaint be dismissed.

Background

Plaintiff filed suit in the Superior Court of New Jersey on February 4, 2011, alleging she was wrongfully terminated from her job by defendants. Defendants removed the matter to this court on March 21, 2011. See Notice of Removal [Doc. No. 1]. On August 24, 2012, a week before the fact discovery deadline expired, plaintiff's attorney, Alan H. Schorr, Esquire, filed a motion to withdraw. [Doc. No. 25]. Schorr alleged he filed the motion because most of the outstanding discovery was defendants' supplemental request for documents and he was unable to

obtain the documents from plaintiff due to a failure to communicate. Schorr also alleged he could not continue to represent plaintiff because of her failure to cooperate.[1] The Court ordered Schorr to serve the motion papers on plaintiff and that she be present at oral argument on the motion. See Aug. 27, 2012 Letter Order [Doc. No. 26]. Schorr confirmed he served plaintiff with the Court's Order compelling her presence and a copy of his motion. See Oct. 8, 2012 Certification of Counsel [Doc. No. 27]. The Court held oral argument on Schorr's motion to withdraw on October 9, 2012. Plaintiff did not oppose the motion and she did not appear for oral argument. See Oct. 9, 2012 Mins. of Proceedings [Doc. No. 28]. The Court granted the motion to withdraw because Schorr's representation of plaintiff was rendered unreasonably difficult and because plaintiff failed to fulfill her obligation to communicate with counsel.[2] See Order Granting Motion to Withdraw as Attorney [Doc. No. 30]. The Court granted plaintiff leave to obtain new counsel and have new counsel enter his or her appearance by November 8, 2012. Id. Plaintiff failed to obtain new counsel. Further, on October 10, 2012 the Court issued an Order to Show Cause requiring plaintiff to appear on November 9, 2012, to show cause why her complaint should not be dismissed due to her failure to prosecute and comply with the Court's Order requiring her presence on October 9, 2012. See Order to Show Cause [Doc. No. 29]. Schorr notified plaintiff of the Order to Show Cause by email, certified mail and first class mail. See Nov. 7, 2012 Certification of Counsel [Doc. No. 32]. Plaintiff did not appear on November

---

[1] Schorr included with his motion an ex parte Certification detailing his extensive efforts to communicate with plaintiff and to get her to cooperate. The Certification makes it plain that plaintiff would not cooperate with Schorr. Plaintiff also gave no indication to Schorr that she intended to pursue her case.

[2] Counsel's withdrawal motion was reluctantly filed. Counsel invested tens of thousands of dollars in a case he thought was meritorious before plaintiff became incommunicado. Counsel represented that plaintiff was completely non-responsive to his communications and document requests and it was his impression that she abandoned her case.

9, 2012.  See Nov. 9, 2012 Mins. of Proceedings [Doc. No. 33].  Defendants filed their motion to dismiss on December 3, 2012.

Discussion

Pursuant to Fed. R. Civ. P. 41(b) if a party fails to prosecute or comply with court orders a defendant may move to dismiss the matter.  "Failure to prosecute does not necessarily require a finding that plaintiff acted affirmatively to delay a proceeding."  Jiminez v. Aramark Corp., No. 07-2758 (GEB), 2008 WL 2837544, at *3 (D.N.J. July 21, 2008) (citing Adams v. Trs. of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994)).  However, dismissal is an "extreme" sanction, reserved for cases where a party has acted in "flagrant bad faith" and "callous disregard of [his or her] responsibilities."  Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976).  To determine whether dismissal is an appropriate sanction for a party's failure to prosecute, a court must balance six factors:

> (1) the extent of a *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002) (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original)).  Whether to dismiss a case is within a court's discretion.  Id.  No particular Poulis factor is controlling and dismissal may be granted even if some factors are not met.  Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008).

An analysis of the six Poulis factors supports a recommendation of dismissal.  First, plaintiff carries full personal responsibility for her failure to prosecute and respond to the Court's Orders.  See Porten v. Auto Zone, No. 10-2629 (RMB/JS), 2011 WL 2038742, at *2 (D.N.J.

May 24, 2011) (finding that plaintiff bore sole responsibility for the failure to prosecute after her counsel withdrew).  Schorr filed his motion to withdraw because his representation was rendered unreasonably difficult by plaintiff's lack of cooperation and failure to communicate.  Further, plaintiff failed to appear in Court on October 9, 2012 and November 9, 2012, as ordered.  Second, defendants are prejudiced by plaintiff's failure to pursue her claims.  Defendants invested a significant amount of time and money to conduct extensive discovery, which was nearly complete when Schorr filed his motion to withdraw.  See Motion to Dismiss at 3.  Now, defendants are unable to resolve the matter in the near future because of plaintiff's failure to prosecute.  See Clarke v. Nicholson, 153 Fed. Appx. 69, 73 (3d Cir. 2005) (acknowledging that defendant "has an interest in having litigation brought to an end," therefore, he was prejudiced by plaintiff's continued delay).  Further, defendants cannot complete discovery because plaintiff refuses to respond to their supplemental document request.  Third, plaintiff's conduct exhibits a history of dilatoriness because she has not responded to any communication from Schorr or the Court for more than seven months.  Fourth, plaintiff's actions have been willful.  Plaintiff failed to provide the Court with any explanation for her noncompliance.  Consequently, the Court concludes that plaintiff has made a deliberate decision not to pursue her claims any further.  The Court's October 10, 2012 Order to Show Cause specifically advised plaintiff that if she did "not appear in response to [the] Order, it will demonstrate to the Court that she no longer intends to pursue this litigation.  The Court will then recommend that the case be dismissed." [Doc. No. 29].  Plaintiff received notice of the Court's Orders, including a warning of dismissal, and her actions demonstrate her decision not to comply.  Fifth, the Court does not believe there is an available alternative sanction for plaintiff's failure to prosecute.  It is apparent to the Court that plaintiff does not intend to comply with its Orders or to pursue her claims.  This is evidenced by

4

plaintiff's failure to communicate with Schorr and to respond to defendants' discovery request and the Court's Orders.  Further, plaintiff was on notice that if she did not appear and comply with the Court's Orders her case could be dismissed.  Last, the Court considers whether plaintiff's claims are meritorious.  In considering whether a claim or defense is meritorious a summary judgment standard is not used.  See Poulis, 747 F.2d at 869-70.  Instead, a "claim or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by the plaintiff or would constitute a complete defense."  Id.  The Court concludes that based on plaintiff's complaint, her claims are facially meritorious.  Nevertheless, on balance the Poulis factors favor dismissal.  See Porten, 2011 WL 2038742, at *2-3 (dismissing case as sanction where plaintiff "willfully failed to answer any discovery, oppose Defendant's motion to dismiss, or comply with Court Orders clearly warning her of the risk of dismissal").  The Court recognizes that dismissal of a complaint is reserved for the most extreme cases.  Poulis, 747 F.2d at 867-68.  However, this drastic relief is appropriate because plaintiff willfully refuses to pursue her claims and to respond to the Court's Orders.  This being the case, there is no lesser alternative sanction than to dismiss plaintiff's claims.

Recommendation

Accordingly, for all the foregoing reasons, it is this 1st day of April, 2013, respectfully recommended that plaintiff's claims be dismissed.  Pursuant to Fed. R. Civ. P. 72(b) and L. Civ. R. 72.1(a)(2), the parties shall have fourteen (14) days after being served with a copy of this Report and Recommendation to serve and file any objections with the Clerk of the Court.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge